NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL EGAS and KEVIN VARGAS,** : <br> : <br> **Plaintiffs,** : <br> v. : <br> : <br> : <br> **FIT RITE BODY PARTS, INC., et al.,** : <br> : <br> **Defendants.** : <br> : | **CIV. ACTION NO. 11-2340 (ES)** |

**SALAS, District Judge.**

This matter comes before the court on motions to dismiss filed by Defendants Fit-Rite Body Parts, Inc. ("Fit-Rite"), Keystone Automotive Industries, Inc., and Thomas Holmes ("Mr. Holmes") (collectively, the "Fit-Rite Defendants") and Defendant Amalgamated Industrial and Toys & Novelty Workers of America, Local 223 , AFL-CIO ("Local 223"). Plaintiffs oppose the motions. The Court did not hold oral argument. Fed. R. Civ. P. 78. For the following reasons, the Fit-Rite Defendants' and Local 223's motions are GRANTED and Plaintiffs' claims are dismissed without prejudice to file an amended complaint.

**I.     BACKGROUND & FACTS**

On March 8, 2011, Plaintiff Manuel Egas ("Mr. Egas") and Plaintiff Kevin Vargas ("Mr. Vargas") (collectively "Plaintiffs") filed a seven-count Complaint against numerous defendants in the Superior Court of New Jersey, Law Division, Passaic County. On April 26, 2011, the action was removed to this Court. (D.E. 1).

1

Plaintiffs assert three claims against the Fit-Rite Defendants: (1) false arrest; (2) "retaliation"; and (3) alleged violations of 42 U.S.C. § 1983. Plaintiffs assert one claim against Local 223: "breach of a collective bargaining agreement." The Fit-Rite Defendants and Local 223 seek to dismiss all counts alleged against them on the grounds that: (a) Plaintiffs' claims are barred by the applicable statute of limitations; and (b) Plaintiffs' have failed to state a claim upon which the relief requested can be granted.[1]

The following facts are taken from Plaintiffs' complaint ("Compl.") and are not findings of fact by the Court, but rather are assumed to be true for purposes of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir.2008); see also *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1995, 1965 (2007).[2]

On or about November 8, 2008, Fit-Rite accused Egas of theft of company funds. (Compl. (2) ¶ 2). On or about November 10, 2008, a theft report was made to the Totowa Police Department. (Compl. (1) ¶ 10)). On or about November 10, 2008, Defendant Sargent Macaluso ("Macaluso") and Mr. Holmes filed a police report accusing Plaintiffs of theft of company funds. (Compl. (1) ¶ 11). On or about November 10, 2008, Plaintiffs were arrested and charged with taking moveable property in excess of $500.00 belonging to Fit-Rite, in violation of *N.J.S.A.* 2C:2-6 and *N.J.S.A.* 2C:20-3. (Compl. (1) ¶ 16 & 19[3]). On or about November 10, 2008,

---

[1] By letter dated July 8, 2011, Local 223 joined the Fit-Rite Defendants' motion and adopted the positions and arguments put forth therein. (D.E. 28). On July 19, 2011, Local 223 also filed a separate motion to dismiss ostensibly supplementing the Fite-Rite Defendants' motion papers. (D.E. 31). To date, Plaintiff has not filed opposition papers to Local 223's motion papers.

[2] Because each Count of the Complaint begins its numbering of the paragraphs at "1", the Court will refer first to the Count, *i.e.*, (1), (2), (3), etc., and then to the corresponding paragraph. For example, paragraph one of Count One will be referenced as "(Compl. (1) ¶ 1)."

[3] Plaintiffs' complaint contains an obvious typographical error. The numbers "18" and "19" and numbers "20-22" are repeated in Count One. Here, the Court references in the <u>first</u> paragraph "19" listed under Count One.

Plaintiffs were suspended without pay from Fit-Rite. (Compl. (1) ¶ 18[4]). At the conclusion of a bench trial held in Superior Court of New Jersey, Criminal Division, Passaic County, Mr. Egas was found not guilty in June 2009. (Compl. (1) ¶ 19[5] & 26). At the conclusion of a bench trial held in Superior Court of New Jersey, Criminal Division, Passaic County, Mr. Vargas was found not guilty in September 2010. (Compl. (1) ¶ 20[6]).

## II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ––– U.S. –––, –––, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendants' motions.

---

[4] Here, the Court references the second paragraph "18" under Count One.

[5] Here, the Court references the second paragraph "19" under Count One.

[6] Here, the Court references the second paragraph "20" under Count One.

## III.   DISCUSSION

### A. Count One (False Arrest)

Plaintiffs assert a claim for false arrest (Count One) against the Fit-Rite Defendants.[7] "The basis for a claim of false arrest arises at the time the incident occurs, i.e., the time of arrest." *Bauer v. Borough of Cliffside Park*, 225 N.J.Super. 38, 47 (App. Div.), *certif. denied*, 113 N.J. 330 (1988). "[A] requirement that the criminal proceeding has terminated in plaintiff's favor is not a prerequisite for institution of an action for false arrest [.]" *Pisano v. City of Union City*, 198 N.J. Super. 588, 593 (Law Div.1984). Under New Jersey law, "[a] claim for false arrest must be brought within two years" from the date of accrual. *Fleming v. United Parcel Service, Inc*. 255 N.J. Super. 108, 604 A.2d 657, 680 (1992) citing *Earl v. Winne*, 101 A.2d 535 (1953); N.J.S.A. 2A:14-2. A claim for false arrest accrues on the date of arrest. *Bayer v. Twp. of Union*, 414 N.J. Super . 238, 258 (App. Div. 2010).

Here, "Plaintiffs were arrested on or about November 10, 2008." (Comp. (1) ¶16). Plaintiffs filed the instant action on March 8, 2011 which is more than two years from the alleged unlawful arrest. Plaintiffs cannot maintain their claim for false arrest because it is untimely and, therefore, must be dismissed with prejudice.

Moreover, even if the Court construed Plaintiffs' claim as being brought pursuant to 42 U.S.C. § 1983–which it does not–it would be time barred.[8] A claim of false arrest brought pursuant to 42 U.S.C. § 1983 must be brought within two years from the date of accrual. *See also Alexander v. Fletcher*, 367 Fed. Appx. 289, 290 (3d Cir. 2010)(affirming district court's finding that Section 1983 claim for unlawful arrest began to accrue on date of arrest). As stated above,

---

[7] Count One of Plaintiffs' Complaint is not brought against Local 223.

[8] Although Plaintiff makes a passing reference to Section 1983 in Count One, when reading the Complaint as a whole the Court does not interpret Count One as asserting a claim pursuant to Section 1983. *See* Compl. (1) ¶16.

4

Plaintiffs filed the instant action more than two years from the alleged unlawful arrest and, therefore, Plaintiffs could not maintain a Section 1983 claim for false arrest because it would be untimely.

### B. Count Two ("Retaliation")

Plaintiffs assert a "retaliation" claim (Count Two) against the Fit-Rite Defendants.[9] The Court, however, is unable to decipher the particular state or Federal cause of action that Plaintiffs seek to allege and will not attempt to divine a viable cause of action based on the facts alleged in this section of the Complaint. Therefore, the Court finds that Count Two fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). In particular, the Court finds that the Fit-Rite Defendants have not been provided with proper notice of the particular claim, much less the specific grounds upon which Plaintiffs' claim rests, in violation of Rule 8(a)(2). *See generally In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555)("Under Rule 8(a)(2), a complaint need present only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."). Moreover, the Court cannot engage in an abstract analysis of either the timeliness or sufficiency of a cause of action that has not been properly identified. Given the nature of these particular deficiencies, the Court will grant Plaintiffs leave to amend this claim. Count Two is, therefore, dismissed without prejudice.

### C. Count Three (Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983)

Plaintiffs also allege that Fit-Rite violated Section 1983 by "fail[ing] to provide documentation to the Plaintiffs' attorneys regarding the nature of the alleged stolen checks and funds or provide documentation as to whether they received reissued checks or whether payors

---

[9] Count Two of Plaintiffs' Complaint is not brought against Local 223.

paid in check of cash." (Compl. (3)¶ 5). To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law, and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Fit-Rite is not a state actor. Therefore, Plaintiff may not bring § 1983 claims directly against Fit-Rite without also alleging involvement or conspiracy with a state actor. See *Brown v. City of Philadelphia*, 199 Fed. Appx. 107, 109 (3d Cir. 2006) (citing *Tower v. Glover*, 467 U.S. 914, 916 (1984)) ("[A private actor] still may be sued for civil rights violations if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit.").

In order to demonstrate the existence of a conspiracy under section 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Royster v. Beard*, 308 Fed. Appx. 576, 579 (3d Cir. 2009). Thus, in order to survive a Rule 12(b)(6) motion, Plaintiff's "allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009). In this regard, a plaintiff must allege that two or more co-conspirators reached an agreement for the purpose of depriving him of his constitutional rights under color of state law. *See, e.g., Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993). "It is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). To the contrary, Plaintiff must show that the alleged conspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539

6

(E.D. Pa. 1982). This requires facts suggesting a "meeting of the minds." *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 205 (3d Cir. 2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

Here, however, Plaintiffs' complaint does not allege any facts with sufficient specificity that would raise an inference that Fit-Rite engaged in conspiratorial behavior with a state actor, which would subject Fit-Rite to liability under § 1983. *See Brown,* 199 Fed. Appx. at 109. To be sure, Plaintiffs do allege that Fit-Rite had a relationship with an alleged state actor, namely Defendant Macaluso. (Compl. (3) ¶ 6). However, Plaintiffs allegations merely describe a "business and/or employer/employee" relationship and do not permit a reasonable inference that the defendants "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." *Chicarelli*, 551 F. Supp. 532.

Plaintiffs' complaint is dismissed without prejudice to file an amended complaint curing the deficiencies identified above. See *Twombly*, 550 U.S. at 556 ("Asking for plausible grounds [to infer an agreement] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.").

**D. Count Seven ("Breach of Collective Bargaining Agreement")**

Count Seven asserts a common-law breach of contract claim only against Local 223.[10] Specifically, Plaintiffs allege that Local 223 breached the terms of a collective bargaining agreement ("CBA") by failing to defend Plaintiffs against Fit-Rite's allegations of theft and encouraging Plaintiffs to provide Fit-Rite with "possibly incriminating information despite facing criminal prosecution." (Compl. (7) ¶¶ 6 & 7). Plaintiffs allege that in November 2008 they

---

[10] Local 223 urges this Court to construe Plaintiffs' claim as one for breach of the duty of fair representation owed by a union to its members in violation of the National Labor Relations Act ("NLRA"). (See Local 223's Mv'ing Br. at 4; D.E. 31 ). Plaintiffs' complaint, however, does not reference the NLRA, but rather sounds in contract.

were "dues-paying members of Local 223" and, therefore, parties to a collective bargaining agreement ("CBA") between Local 223 and Fit-Rite. (Compl. (7) ¶¶ 1 & 2). The CBA allegedly contains procedures to be followed "in the event that union members are accused of violations of company policy and/or crimes and misdemeanors" and, additionally, provides that union officials are to represent union members facing termination. (Compl. (7) ¶¶ 4 & 5).

In instances where a "state-law claim is substantially dependent upon the analysis of terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Lucas Flour, Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)(internal citation omitted). Based on the factual allegations contained in the complaint, Plaintiffs' claim for common law breach of contract is necessarily dependent upon interpretation of terms of an agreement made between the parties in a labor contract–here, the CBA and its terms allegedly applicable to (1) accusations of criminal behavior by union members and (2) representation of union members facing termination. (Compl. (7) ¶¶ 4 & 5). Plaintiffs' breach of contract claim is, therefore, completely preempted by § 301 and must be dismissed. *Lingle v. Norge Div. Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). To the extent that Plaintiffs can assert a timely § 301 claim,[11] Plaintiffs are granted leave to file an amended complaint within thirty days of the entry of this order.

---

[11] Actions brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, are governed by the 6-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello v. Teamsters*, 462 U.S. 151 (1983). This six-month statutory period begins "when the claimant discovers, or in the exercise of reasonable diligence should have discovered the acts constituting the violation." *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990).

**IV.    CONCLUSION**

Given the foregoing, the Court dismisses Plaintiffs' Complaint as to the Fit-Rite Defendants and Local 223, but permits Plaintiffs to file an amended Complaint within thirty (30) days of entry of this Opinion and accompanying Order addressing the deficiencies set forth herein. If Plaintiffs fails to amend their Complaint within thirty (30) days, their Complaint will be dismissed with prejudice as to the Fit-Rite Defendants and Local 223. An appropriate Order accompanies this Opinion.

|  |  |
|---|---|
|  | *s/Esther Salas* |
| **Dated:** December 30, 2011 | **Esther Salas, U.S.D.J.** |