<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MANUEL EGAS and KEVIN VARGAS,

           Plaintiffs,

v.

FIT RITE BODY PARTS, INC., et al.,

           Defendants.

Civ. No. 11-2340 (ES)

**O P I N I O N**

*Appearances by:*

Anthony J. Van Zwaren, P.A.
By: Anthony J. Van Zwaren, Esq.
340 Clifton Avenue, Second Floor
Clifton, New Jersey 07011

    *Attorneys for Plaintiffs,*

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP
By: Anthony P. Seijas, Esq.
20 Independence Boulevard, Suite 201
Warren, New Jersey 07059

    *Attorneys for Defendant Sgt. Joseph Macaluso*

**<u>DEBEVOISE, Senior District Judge</u>**

    This matter arises out of the arrest, detention, and prosecution of Plaintiffs Manuel Egas and Kevin Vargas—who were exonerated at trial—for stealing money from their employer. On March 8, 2011, Plaintiffs filed a Complaint in New Jersey Superior Court against Defendants Fit

Rite Body Parts, Inc. ("Fit Rite"), Keystone Automotive Industries, Inc. ("Keystone"), Thomas Holmes, Patrolman DeCeglie, Sgt. Joseph Macaluso, the Totowa Police Department, the Passaic County Prosecutor's Office, and Amalgamated Industrial and Toys and Novelty Workers of America, Local 223, AFL-CIO ("Local 223"), setting forth claims of false arrest; retaliation; violations of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment Rights under the United States Constitution, pursuant to 42 U.S.C. § 1983 ("Section 1983"); violations of Title 59 of the New Jersey Tort Claims Act; and breach of a collective bargaining agreement. The Complaint seeks compensatory and punitive damages, attorney's fees, costs, back pay, and benefits. Defendants removed the Complaint to this Court on April 20, 2011, pursuant to 28 U.S.C. § 1441.

On May 17, 2011, Fit Rite, Mr. Holmes, Keystone, and Local 223 moved to dismiss Plaintiffs' claims for false arrest, retaliation, violations of civil rights under Section 1983, and breach of the collective bargaining agreement. On December 30, 2011, this Court filed an Opinion and Order dismissing those claims with leave to amend Plaintiffs' claims for retaliation and violations of civil rights under Section 1983.

On January 13, 2012, Plaintiffs filed an Amended Complaint reasserting their claims for retaliation and violations of civil rights under Section 1983. Shortly thereafter, Defendants filed a Motion to Dismiss the Amended Complaint. On March 27, 2012, this Court entered an Order dismissing Plaintiffs' claims against Fite Rite and local 223, with prejudice, and their claims against Patrolman DeCeglie, Sgt. Macaluso, the Totowa Police Department, and the Passaic County Prosecutor's Office, with leave to amend.

On May 23, 2012, Plaintiffs filed a Second Amended Complaint reasserting their claims against the Totowa Police Department and Sgt. Macaluso for false arrest under Section 1983 and the Passaic County Prosecutor's Office for malicious prosecution and false imprisonment. Sgt.

2

Macaluso now moves to dismiss Plaintiffs' claim against him under Section 1983 for false arrest. For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

On November 10, 2008, Plaintiffs were accused by Fit Rite, their employer at the time, of stealing company funds. Fit Rite filed a complaint with the Totowa Police Department alleging that Plaintiffs stole approximately $20,000. Sgt. Macaluso and other members of the police came to Fit Rite's office, where they were shown footage from various surveillance DVDs. However, the DVD purporting to show Plaintiffs' involvement in the crime was in fact blank. That same day, Plaintiffs were arrested, charged with theft, and terminated from their employment at Fit Rite. Plaintiffs denied any wrongdoing.

On June 1, 2009, Sgt. Macaluso testified before a grand jury about Fit Rite's allegations of theft against Plaintiffs and the surveillance DVDs purporting to show Plaintiffs' involvement in the theft. The grand jury indicted Plaintiffs on November 4, 2009. In July 2010, during a bench trial, the prosecution attempted to introduce testimony of police officers regarding the aforementioned DVD surveillance video indicating Plaintiffs' involvement in the theft (that was in fact blank) but not the video itself. The court barred introduction of that testimony. On September 15, 2010, Plaintiffs were acquitted of the theft charges.

## II. DISCUSSION

Sgt. Macaluso now moves to dismiss Plaintiffs' claim against him for false arrest under Section 1983, arguing that Plaintiffs asserted that claim after the applicable statute of limitations had expired. Plaintiffs oppose the motion, arguing that the statute of limitations for their claim against Sgt. Macaluso began to run when they were indicted.

A.     Standard of Review

In assessing Defendants' arguments, the Court must apply the standard of review applicable to requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). That Rule permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

4

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). A claim may be dismissed with prejudice, however, if amending the complaint would be futile. Id. "Futile," as used in this context, means that the complaint could not be amended to state a legally-cognizable claim. Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

**B.    Plaintiffs' Claim for False Arrest against Sgt. Macaluso**

Plaintiffs' claim for false arrest against Sgt. Macaluso is barred by the applicable two-year statute of limitations. "The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries." Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (citation omitted). "In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Id. (quotation omitted). "A [S]ection 1983 cause of action accrues when the plaintiff knew or should have

known of the injury upon which its action is based." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1988) (citation omitted).

Plaintiffs' claim for false arrest accrued when they were arrested, on November 10, 2008.[1] Unfortunately, they first asserted that claim against Sgt. Macaluso on March 8, 2011, after the expiration of the two-year statute of limitations. Consequently, that claim is dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, Sgt. Macaluso's Motion to Dismiss is GRANTED. Plaintiffs' claim against Sgt. Macaluso for false arrest under 42 U.S.C. § 1983 is dismissed with prejudice.

The Court will enter an order implementing this opinion.

    /s/ Dickinson R. Debevoise\
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 9, 2013

---

[1] Citing Wallace v. Kato, 549 U.S. 384 (2007), Plaintiffs argue that their injury accrued in November 2009, when they were indicted, or in, September 2010, when their trial commenced. However, the Wallace Court explicitly held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397.

6