<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

—————————————————————————     :
                                                  :
**MANUEL EGAS and KEVIN EGAS,**                   :
                                                  :
      **Plaintiffs,**     :
                                                  :     **Civil Action No: 11-2340 (ES)**
      v.               :
                                                  :     <u>**OPINION**</u>
**FIT RITE BODY PARTS, INC., et al.,**            :
                                                  :
      **Defendants.**   :
—————————————————————————     :

<u>S</u>ALAS, <u>D</u>ISTRICT <u>J</u>UDGE

    Pending before this Court is Defendants' Borough of Totowa,[1] Patrolman DeCeglie, and

Passaic County Prosecutor's Office ("PCPO") (collectively, "Defendants") motion for summary

judgment.  (D.E. No. 90).  *Pro se* Plaintiffs Manuel Egas and Kevin Vargas (collectively,

"Plaintiffs") did not oppose the motion.  The Court has considered the Defendants' submissions

and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b).  Based on the

following reasons, Defendants' motion for summary judgment is GRANTED.

**I.    BACKGROUND**

    Because the parties are familiar with the undisputed facts in this case, the Court provides

the background of this action in summary fashion.  *See Egas v. Fit Rite Body Parts, Inc.*, No. 11-

2340, 2011 WL 6935314 (D.N.J. Dec. 30, 2011); (D.E. Nos. 49, 51, Opinion and Order, Mar. 27,

2012; D.E. Nos. 68, 69, Opinion and Order, Apr. 9, 2013).  Briefly, the instant matter stems from

---
[1] On July 6, 2011, the Court corrected the docket to reflect that Defendant Borough of Totowa was improperly plead as the Totowa Police Department.  (*See* D.E. No. 26, Pretrial Scheduling Order).

1

the arrest, detention and prosecution of Plaintiffs on charges that they stole money from their employer Fit Rite Body Parts, Inc.  (D.E. No. 90-1, Statement of Undisputed Material Facts In Support of Defendants' Borough of Totowa, Patrolman DeCeglie, and Passaic County Prosecutor's Office's Motion for Summary Judgment ("SUMF")).  Plaintiffs were found not guilty and this litigation ensued.  (*Id.* ¶ 7).

On March 8, 2011, Plaintiffs filed a complaint in state court, which was removed to this Court on April 26, 2011.  (D.E. No. 1).  On May 17, 2011, Defendants Fit Rite Body Parts, Inc., Keystone Automotive Industries, Inc. and Thomas Holmes ("Fit Rite Defendants") moved to dismiss Plaintiff's Complaint.   (D.E. No. 8).   On July 8, 2011, Defendants Local 223 Amalgamated Industrial and Toys & Novelty Workers of America, AFL-CIO ("Local 223 Defendants") joined the Fit Rite Defendants' motion.  (D.E. No. 28).  On December 30, 2011, this Court granted the motions and permitted Plaintiffs to file an amended complaint within 30 days. (D.E. No. 38).

On January 13, 2012, Plaintiffs filed a First Amended Complaint.  (D.E. No. 40).  The Fit Rite Defendants and Local 223 Defendants moved to dismiss the First Amended Complaint.  (D.E. Nos. 41, 42).   On March 27, 2012, the Court dismissed the claims with prejudice against the Fit Rite Defendants and Local 223 Defendants.[2]  (D.E. No. 51).

On May 23, 2012, Plaintiffs filed a Second Amended Complaint against the Borough of Totowa and Sgt. Macaluso for false arrest under 42 U.S.C. § 1983 (Counts One and Two) and against the PCPO for malicious prosecution and false imprisonment (Counts Three and Four). (D.E. No. 56).  The Second Amended Complaint did not name Patrolman DeCeglie as a defendant.

---

[2] The Court also dismissed the claims against Patrolman DeCeglie, Sergeant Joseph Macaluso ("Sgt. Macaluso"), the Totowa Police Department i.e. the Borough of Totowa, and the PCPO with leave to amend.  (*Id.*).

(See D.E. No. 56).   Sgt. Macaluso moved to dismiss the Second Amended Complaint.   (D.E. No. 58).   On April 9, 2013, this Court granted the motion in favor of Sgt. Macaluso, dismissing Count Two against him with prejudice.   (D.E. Nos. 68-69).   Therefore, the Court will limit its analysis in this opinion to claims against the remaining Defendants—Borough of Totowa and the PCPO.

On May 23, 2013, Defendants, the Borough of Totowa (improperly plead as Totowa Police Department), Patrolman DeCeglie, and the PCPO filed a motion for summary judgment.   (D.E. No. 73).   On December 16, 2013, this Court administratively terminated the motion for summary judgment "to provide the Plaintiffs time to find replacement counsel and submit opposition papers."   (D.E. No. 89 at 3).   The Court cautioned Plaintiffs that "[t]here [would] be no further extensions of that deadline unless Plaintiffs demonstrate[d] extraordinary circumstances."   (*Id.*).   On December 19, 2013, Defendants, the Borough of Totowa, Patrolman DeCeglie, and the PCPO re-filed their motion for summary judgment.   (D.E. No. 90).   Plaintiffs did not oppose the instant motion.

## II.   DISCUSSION

### A.  Legal Standard[3]

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c).   On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.   *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[3] The Court observes that:  "Rule 56(b) authorizes a defending party to move 'at any time' for a summary judgment in his favor.  Such a motion may be made before the pleading to the complaint . . . ."  *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 522 (3d Cir. 1973).   Accordingly, the Court properly considers Defendants' motion for summary judgment, which was filed before any responsive pleading to the Second Amended Complaint.

323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial.  *Id.* at 324.  In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  *See Celotex,* 477 U.S. at 324.  Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment.  *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### B.  Analysis

Defendants argue that Plaintiffs' claims based upon false arrest and imprisonment must be dismissed because they are barred by the statute of limitations.  (D.E. No. 90-2, Brief in Support of Defendants' Borough of Totowa Police Department, Patrolman DeCeglie and Passaic County Prosecutor's Office's Motion for Summary Judgment ("Defs. Br.") 8-10).  Defendants further contend that Plaintiffs' complaint fails to state a claim upon which relief may be granted.  (*Id.* at 10-14).  Additionally, Defendants claim that PCPO is immune from this lawsuit under the Eleventh Amendment and that the employees of the PCPO were acting in their official capacities and are not "persons" subject to liability under 42 U.S.C. § 1983.  (*Id.* at 14-19).  And finally, Defendants argue the PCPO is entitled to absolute prosecutorial immunity.  (*Id.* at 20-26).

This Court finds that Plaintiffs' claim for false arrest against the Borough of Totowa is barred by the applicable two-year statute of limitations for the same reason it dismissed Sgt. Macaluso in its earlier opinion.  (*See* D.E. No. 68 at 5-6).  "The statute of limitations for any

4

Section 1983 claim is the state statute which limits actions for personal injuries." *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (citation omitted). "In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Id.* (quotation omitted). "A [S]ection 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1988) (citation omitted).

Plaintiffs' claim for false arrest accrued when they were arrested on November 10, 2008. Plaintiffs first asserted that claim against Sgt. Macaluso on March 8, 2011, after the expiration of the two-year statute of limitations. Consequently, this claim in Count One is dismissed with prejudice.

Regarding Counts Three and Four against the PCPO, this Court finds that Plaintiffs may not sue the PCPO in its official capacity for violations of 42 U.S.C. § 1983.[4]   Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

---

[4] Plaintiff asserts Counts Three and Four against the PCPO.  (D.E. No. 56 ¶¶ 28-44).  Count Three alleges that "Defendants [sic] Passaic County Prosecutors Violated Plaintiff's Civil Rights due to Malicious Prosecution."  (*Id.* ¶¶ 28-35).  Count Four alleges that "Defendants [sic] Passaic County Prosecutors Violated Plaintiff's Civil Rights due to False Imprisonment."  (*Id.* ¶¶ 35-44).  Neither count explicitly asserts whether these claims are brought under Section 1983 or state law, and Plaintiffs do not otherwise specify.  This Court will, therefore, construe Counts Three and Four as federal claims.  To be sure, even if Counts Three and Four were state law claims, this Court declines to exercise supplemental jurisdiction since the Court has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification or doing so.") (citation and quotation marks omitted).

> to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a "person" acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  A prosecutors office, however, is not a person amenable to suit under § 1983.  *Sutton v. Gloucester Cnty. Prosecutors Office*, No. 13-6132, 2014 WL 2155349, at *4 (D.N.J. May 22, 2014). Plaintiffs' claims against the PCPO are therefore dismissed.

Additionally, even if the Plaintiffs' claims were alleged against any prosecutors in their individual capacities, "[p]rosecutors have absolute immunity from suit under § 1983 when carrying out prosecutorial functions."  *Hyatt*, 390 F. App'x at 837 (citing *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976)).  Such absolute immunity extends to misdeeds that a prosecutor is alleged to have committed in his prosecutorial capacity, including the decision to initiate a prosecution and obtaining and evaluating evidence in a case.  *Hyatt v. Cnty. of Passaic*, No. 04-1545, 2008 WL 839556, at *7 (D.N.J. Mar. 27, 2008) (citations omitted), *aff'd* 340 F. App'x 833 (3d Cir. 2009). Accordingly, absolute immunity also shields the PCPO in this matter.

## III.    CONCLUSION

For the reasons mentioned above, the Court GRANTS Defendants' motion for summary judgment and dismisses all remaining claims.[5]    An appropriate order shall accompany this opinion.


<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**

---

[5]  Having dismissed the remaining counts against the Borough of Totowa and the PCPO in Counts 1, 3 and 4, this Court need not address Defendants' remaining arguments.  Additionally, because Defendants have not filed any counterclaims or crossclaims in response to the Second Amended Complaint, this matter is closed.